*LEOPOLD BURCKHARDT v. LEWIS H. GREENE.

1. SIX MONTHS' LEASE AT MONTHLY RENTAL IS ENTIRE CONTRACT—WILL SUPPORT ONE BREACH AND RECOVERY ONLY.

A lease for a term of six months, at a monthly rental of $100 per month, is an entire contract which will support only a single breach and recovery; and after a breach by the lessee in refusing to enter and occupy the premises under the terms of the lease, the commencement of an action by the lessor wherein he seeks and recovers a judgment against the lessee for the first month's rent only, which is satisfied, is a bar to any further actions by him upon the lease.

2. PART PERFORMANCE MUST RELATE STRICTLY TO CONTRACT TO TAKE IT OUT OF STATUTE OF FRAUDS.

Acts relied upon to constitute part performance, so as to take a contract out of the statute of frauds, must be done strictly with reference to the contract; if referable to anything else, they are not applicable. Hence, papering a house on leased premises and putting it in a state of readiness for occupancy, letting a tenant whose term has expired vacate the premises, and tendering the keys of the house, are not such acts as constitute part performance of a parol lease, so as to take it out of the statute of frauds. The tender of keys is merely a tender of performance; the other acts are such as might have been done under any circumstances, and not with particular reference to this contract of lease.

ERROR to Hamilton common pleas court.

**Goebel & Bettinger,** for plaintiff in error:

Part performance took the agreement out of the statute of frauds. Wilbur v. Paine, 1 Ohio 251, 254; Moore v. Beasley, 3 Ohio 294; Waggoner v. Speck, 3 Ohio 293; Grant v. Ramsey, 7 Ohio St. 157; Blanding v. Sargent, 33 N. H. 239 [66 Am. Dec. 720]; Martin v. Batchelder, 69

---

*Affirmed by Supreme Court, without report, May 3, 1903, 68 Ohio St. 711.

N. H. 360 [41 Atl. Rep. 83]; Frey, Spec. Perf. 286, Secs. 56z, 563; Pomeroy, Spec. Perf. Sec. 104; Armstrong v. Kattenhorn, 11 Ohio 265, 272; 8 Am. & Eng. Enc. Law (1 ed.) 637.

Severance. Fox v. Althorp, 40 Ohio St. 322.

Galvin & Galvin, for defendant in error.

JELKE, J. (Orally.)

This action was brought in a magistrate's office for an installment of rent which it is alleged was arranged between Mr. Burckhardt and Mr. Greene for the occupancy of his residence in Mt. Auburn, for a period of six months, at a monthly rent of $100 per month. There are two defenses to this action. The first is that Mr. Burckhardt sued for the first month's rent under this alleged contract, and recovered, and the judgment was paid. We are of opinion that the contract was an entire contract, although the rent was payable monthly, and that there was no occupancy upon which there could be monthly recovery for occupancy. There was but one breach of an entire contract, and there could be but one recovery, and the recovery of the first $100 is a bar to anything further upon this contract.

Further than that, the defendant has urged that it is a contract affecting real estate, and under the statute of frauds, it not being in writing, cannot be enforced. The reply to that is that there was a partial performance, and the allegations are that Mrs. Burckhardt prepared the house, made some changes preparatory to Mr. Greene's occupancy, and let a former tenant go, Judge Thompson, and upon a certain date went and tendered the keys to Mr. Greene.

There is one general principle laid down in Ohio that anything done to take a contract out of the provisions of the statute of frauds must be done strictly with reference to the contract, and if the things done can be made referable to anything else, then they are not referable to the contract. Now, the small things done up there at the house are not of such a nature but that they might have been done under any circumstances, and it appears from the evidence that the former tenant, Judge Thompson, left at the expiration of his term, which expired some time before this six months' period was to begin; and so far as the tender of the key is concerned, that it is not a performance; if it is anything, it is a tender of performance. Therefore, on the second ground, we are are of opnion that there has been nothing done which would take the contract out of the provisions of the statute, and it being a contract affecting real estate, and not being in writing, cannot be enforced.

Therefore, on both grounds, the judgment will be affirmed.

Giffen and Swing, JJ., concur.